IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**MARIO THOMAS**                                                     **PETITIONER**

**V.**                              **CIVIL ACTION NO. 3:20CV832 CWR-LGI**

**WALTER VEREEN**                                             **RESPONDENT**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Petitioner Mario Thomas is a federal prisoner incarcerated in the Federal Correctional Complex Low in Yazoo City, Mississippi. He brings the instant petition pursuant to 28 U.S.C. § 2241 seeking judicial review of his sentence computation by the Federal Bureau of Prisons ("BOP"). Having considered the submissions of the parties and the applicable law, the undersigned is of the opinion that the petition should be denied.

Thomas was arrested by Arkansas State authorities and charged with Attempted Murder, Battery in the First Degree, and Possession of a Firearm by Certain Persons on December 10, 2012. He was also held for violating his parole, which was later revoked on April 5, 2013. On July 21, 2014, he was sentenced on the battery charge to a 60-month term of imprisonment. On July 29, 2014, Thomas was temporarily transferred to federal custody pursuant to a federal writ of habeas corpus *ad prosequendum*. On January 19, 2016, the United States District Court for the Western District of Arkansas sentenced Thomas to 188 months imprisonment for Distribution of a Mixtures or Substance Containing Cocaine Base, "with credit for time served already served in

federal custody." The federal court ordered that Thomas's federal sentence would run concurrently with his state sentence for battery. He was then returned to the custody of state authorities on February 3, 2016, and the USMS filed a detainer for the 188-month federal sentence. On March 22, 2019, Thomas was paroled on his battery sentence and transferred to federal custody.

In his petition, Thomas asserts that the BOP has miscalculated his sentence by failing to apply all eligible credit to his federal sentence. As relief, Thomas requests this Court "enforce the judgment and sentence" imposed by his federal sentencing court and credit him for the time he served from August 1, 2014, through January 19, 2016.

## Discussion

The United States Attorney General, through the BOP, "determines what credit, if any, will be awarded to prisoners for time spent in custody prior to the commencement of their federal sentences." *Leal v. Tombone*, 341 F.3d 427, 428 (5th Cir. 2003) (citing *United States v. Wilson,* 503 U.S. 329, 331-32, 334 (1992)). The computation is governed by 18 U.S.C. § 3585, and is comprised of a two-step determination: first, the BOP determines the date on which the federal sentence commences and, second, the BOP determines whether the prisoner is entitled to any credit for time spent in custody before the commencement of the sentence, i.e., prior-custody credit. Section 3585 provides:

> (a) Commencement of sentence. -- A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

> (b) Credit for prior custody. -- A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> ***that has not been credited against another sentence.***

18 U.S.C. § 3585 (emphasis added). Based on the plain language of the statute, a defendant commences his federal sentence when he is received in federal custody to begin serving his sentence, and he receives credit for time served *only* if it has not been credited against another sentence, "regardless of whether the sentence is federal, state or foreign." BOP Program Statement 5880.28, Sentence Computation Manual.

As noted, Thomas maintains that he should receive prior custody credit for the period that he was on loan to the federal government pursuant to a writ of habeas corpus *ad prosequendum*, August 1, 2014, to January 19, 2016. But "the writ merely loans the prisoner to federal authorities, and the prisoner technically remains in state custody." *Dominguez v. Williamson*, 251 F.3d 156 (5th Cir. 2001) (internal quotation marks omitted). Thus, although transferred to federal custody pursuant to the writ, the State of Arkansas retained primary jurisdiction over Thomas until the State parole on the battery offense on March 22, 2019. However, because his federal sentence was ordered to run concurrent with his state sentence, BOP designated the Arkansas Department of Corrections as the place to serve his federal sentence, allowing his federal sentence to

3

commence on the date of imposition, January 19, 2016.[1] "[A] federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served." *Coloma v. Holder*, 445 F.3d 1282, 1284 (11th Cir. 2006) (quoting *United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980)).

He is not entitled to any additional credit toward his federal sentence for any time before January 19, 2016, as the record reflects that time was served and credited towards his State sentence. *Dominguez*, 251 F.3d 156 ("a defendant is not entitled to credit towards a federal sentence for the time spent in a federal detention center under a writ of habeas corpus *ad prosequendum* if the defendant receives credit for that time on his state sentence."). If he were allowed federal credit for time spent serving a sentence imposed by the Arkansas state court, he would be receiving double credit, contrary to 18 U.S.C. § 3585(b). *Myrick v. Blackmon*, No. 3:15CV31 HTW-LRA, 2017 WL 4929906, at *2 (S.D. Miss. Sept. 6, 2017), *report and recommendation adopted,* No. 3:15-CV-31-HTW-LRA, 2017 WL 4896548 (S.D. Miss. Oct. 30, 2017).

In sum, Petitioner is not entitled to have the time spent in custody pursuant to the writ applied toward the satisfaction of his federal sentence under § 3585 (b), nor is he entitled to have the time spent in service of his state sentences applied towards the satisfaction of his federal sentence. Thomas's claim that the BOP has denied him additional credit to which he is entitled fails. For the reasons stated, the undersigned recommends that the petition be dismissed with prejudice.

---

[1] The undersigned notes that while the designation letter of record, dated August 2019, lists FCC-Yazoo as the designated facility, this appears to be a typo. ECF No. 15, p. 51.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Southern District of Mississippi*, any party may serve and file written objections within 14 days after being served with a copy of this Report and Recommendation. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted on October 5, 2023.

s/ LaKeysha Greer Isaac<br>
UNITED STATES MAGISTRATE JUDGE